# DECISIONS

## OF THE

## APPEALS COURT

### OF

## MASSACHUSETTS

---

Richard Aronovitz[1] & another[2] *vs.* Madlyn A. Fafard & another,[3] trustees.[4]

No. 08-P-1931.

Worcester. October 7, 2009. - October 4, 2010.

Present: Berry, Grainger, & Wolohojian, JJ.

*Res Judicata. Judgment,* Preclusive effect. *Practice, Civil,* Waiver. *Waiver. Damages,* Breach of contract, Interest. *Bankruptcy,* Discharge.

A bankruptcy judge's disallowance of an unsecured claim by a commercial tenant (plaintiff) in a landlord's bankruptcy proceeding did not, by reason of either claim or issue preclusion, bar the plaintiff from later asserting the same issue in a civil action against successor trustee landlords (defendants), where the issue was not essential to the bankruptcy judgment [5-7], and where the defendants in the civil action were not parties to the bankruptcy proceeding [7]; at any rate, the defendants' failure to raise the defense of claim or issue preclusion in a timely fashion constituted a waiver of those defenses [8].

---

[1]Individually and doing business as Lincoln Discount Pharmacy.
[2]Lincoln Pharmacy of Milford, Inc.
[3]Richard E. Terrill.
[4]Of Lyman Realty Trust.

In a Superior Court action brought by a commercial tenant seeking damages resulting from a landlord's refusal to honor an option to purchase, the judge erred in giving preclusive effect to a ruling by another Superior Court judge regarding an identical counterclaim by the tenant in a summary process matter, where the counterclaim was, as a matter of law, not essential to the judgment in the summary process action. [8-9]

The defendants in a civil action failed to demonstrate that the plaintiff's claim was extinguished by an earlier bankruptcy discharge. [9]

In a civil action, the trial judge did not err in calculating prejudgment interest or in determining the expenditures for which the plaintiff was entitled to reasonable reliance damages. [9-10]

CIVIL ACTION commenced in the Superior Court Department on June 23, 2003.

Motions for summary judgment and a motion to dismiss were heard by *Peter W. Agnes*, J., and the case was heard by him.

*Jeffrey D. Williams* for the plaintiffs.

*Marshall F. Newman* for the defendants.

WOLOHOJIAN, J. This twenty-five-year dispute concerning a now long-terminated commercial lease is currently before us on cross appeals. The litigation will not end here; we vacate the judgment and remand the matter for further proceedings consistent with this opinion.

*Background.* In 1983, Richard Aronovitz as lessee entered into a written, commercial one-year lease with Howard A. Fafard (Fafard) (not a party to this action) pertaining to a property in Westborough (town). Aronovitz intended to use the property, which had formerly served as a roller skating rink, as a discount drug store.

The lease contained a provision, which at some point was stamped out with the word "DELETE," that apportioned the property's real estate taxes. This deleted provision was replaced by the following language: "The total tax bill for the above named property will be forwarded to the lessee. The tax bill will be due and payable to Howard A. Fafard within 10 days, subject to maximum legal interest after 10 days."

An addendum to the lease (entered into simultaneously with the lease) gave Aronovitz an option to purchase the property for $715,000, provided he exercised the option by giving written notice of his intent within six months of the "Commencement

Date" as defined in the lease,[5] *and* "during the demised term" of the lease.

On July 30, 1984, Fafard billed Aronovitz for the real estate taxes for the six-month period ending on June 30, 1984. Aronovitz refused to pay the bill. Accordingly, on September 20, 1984, Fafard wrote to Aronovitz, informing him that his leasehold interest was terminated as of September 22, 1984, for failure to pay the real estate taxes.[6] Fafard also commenced eviction proceedings. Shortly thereafter, Aronovitz paid the taxes owed and notified Fafard that he (Aronovitz) wished to exercise the option to purchase, tendering $62,500. Fafard accepted the tax payment (which he held in escrow) and dropped the eviction suit. He returned the option deposit, however, taking the position that the option had terminated when Aronovitz had defaulted on the lease by failing to pay the real estate taxes.

Aronovitz thereafter remained on the property as a tenant at will for several years, paying rent, until in 1990 Fafard conveyed the property to the defendants, Madlyn Fafard and Richard E. Terrill, trustees of Lyman Realty Trust (trustees). Less than two months later, in June, 1990, Fafard filed for bankruptcy protection in the United States Bankruptcy Court for the District of Massachusetts (the bankruptcy proceeding).

For the next two years, Aronovitz remained on the property. He refused, however, to pay rent to the trustees, who accordingly instituted summary process proceedings in the District Court in 1992 (the summary process action). Aronovitz asserted a counterclaim for $4,616,039.50 in damages which he claimed resulted from Fafard's refusal, eight years earlier, to honor the option to purchase at a time of escalating property values.

After a trial in the summary process action, which encompassed

---

[5]The lease "Commencement Date" was December 1, 1983. The addendum, however, provided that the "notification date" was to be extended until "such time as the sign noted in Section 3 of this lease is constructed." Fafard applied for a permit to construct the sign, which was denied by the town on March 11, 1984. Fafard gave Aronovitz written notice of his lack of success on June 16, 1984. It appears the sign was never constructed.

[6]Fafard acted under section 28 of the lease, which gave him the right "to immediately terminate the lease on two (2) days' notice" if Aronovitz failed to pay rent "or other sum of money due within five (5) days after the same shall be due under this lease."

both the trustees' claims and Aronovitz's counterclaim, the District Court judge, in a decision dated December 15, 1992, awarded the trustees possession and $87,000 in past rent, offset by the value of improvements Aronovitz had made to the property (in the amount of $68,600) and by the tax payment ($10,300) Aronovitz had paid towards purchase of the property.[7] The trustees appealed the decision to the Superior Court for a trial de novo.

At some point between June, 1990, and January, 1994,[8] Aronovitz filed a proof of claim in the bankruptcy proceeding in the same amount ($4,616,039.50) as his counterclaim in the summary process action. In a lengthy opinion dated January 24, 1994, the bankruptcy judge determined that the summary process action had no preclusive effect on Aronovitz's claim in the bankruptcy proceeding because the parties in the two actions were not the same and because "no issue of fact or law concerning the [purchase] option was actually litigated in [S]tate court. The [S]tate judge refused to allow testimony concerning breach of the option agreement, stating it was a matter for the bankruptcy court." The bankruptcy judge determined that Aronovitz breached the lease by failing to pay the real estate taxes and other costs required under the lease,[9] and Aronovitz's claim in the bankruptcy proceeding was disallowed.

After the trustees appealed the District Court's decision in the summary process action to the Superior Court, a four-year hiatus occurred during which no action appears to have taken place. Then, in 1999, a bench trial was held in the Superior Court, resulting in a judgment in favor of the trustees for rent due in the amount of $82,741.41. The Superior Court judge concluded that Aronovitz was not entitled to any offsets against this amount because his counterclaim was procedurally impermissible. Furthermore, the Superior Court judge held (contrary to the findings and rulings of the bankruptcy judge) that Aronovitz was not obligated to pay real estate taxes under the lease.

On direct appellate review, the Supreme Judicial Court upheld the Superior Court judge's decision that counterclaims could

---

[7]By this time, Aronovitz had vacated the property.

[8]The record does not allow us to know the exact date.

[9]Specifically, one-half the construction costs of an access road.

not be asserted in commercial summary process actions. *Fafard* v. *Lincoln Pharmacy of Milford, Inc.*, 439 Mass. 512, 517 (2003). The court held that because summary process actions are "purely statutory," and the Legislature "explicitly limited" a tenant's counterclaim rights to residential leases, it was not at liberty to fashion such a procedure in concomitant commercial actions. *Id.* at 515. The court further noted that Aronovitz would be permitted to proceed on the merits of his counterclaim in a separate action. *Id.* at 517 n.6.

In light of the Supreme Judicial Court's decision in the summary process action, Aronovitz instituted the instant case, which is a separate action for damages resulting from the expenses he claims he would not have incurred but for the option to purchase. In this new suit, Aronovitz no longer sought the $4.6 million in expectancy damages he had sought in his summary process counterclaim and in his bankruptcy proceeding proof of claim, but instead sought $72,216.10 in reliance damages. Ruling on the parties' cross motions for summary judgment, the Superior Court judge gave preclusive effect to the ruling by the Superior Court judge in the summary process action that Aronovitz was not required to pay real estate taxes, and he thus held that Fafard had breached the lease by rejecting Aronovitz's exercise of the option. A bench trial commenced on the issue of damages, and the trial judge awarded Aronovitz $22,068.18.

The parties have cross-appealed.

1. *Preclusive effect of bankruptcy proceeding.* The trustees argue that the bankruptcy judge's disallowance of Aronovitz's unsecured claim in the bankruptcy proceeding precludes the current action, both by reason of res judicata (claim preclusion) and collateral estoppel (issue preclusion). We disagree.

a. *Collateral estoppel.* Whether Federal court proceedings are given preclusive effect in our courts is a matter of Federal law, *Anderson* v. *Phoenix Inv. Counsel of Boston, Inc.*, 387 Mass. 444, 449 (1982), which pertains equally to proceedings of the bankruptcy court, *Federal Deposit Ins. Corp.* v. *Shearson-American Express, Inc.*, 996 F.2d 493, 497 (1st Cir. 1993), cert. denied sub nom. *Banco Cooperativo de Puerto Rico* v. *Federal Deposit Ins. Corp.*, 510 U.S. 1111 (1994). Under Federal law, the doctrine of collateral estoppel applies if (1) the issue sought

to be precluded in the later action is the same as the issue involved in the earlier action, (2) the issue was actually litigated in the prior action, (3) the issue was the subject of a valid and binding final judgment,[10] and (4) the issue was essential to the judgment. *Coors Brewing Co.* v. *Mendez-Torres*, 562 F.3d 3, 8 (1st Cir. 2009). The party asserting preclusion must show "with clarity and certainty what was determined by the prior judgment" and must present a record that enables us to "pinpoint the exact issues previously litigated." *Clark* v. *Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992), quoting from *United States* v. *Lasky*, 600 F.2d 765, 769 (9th Cir.), cert. denied, 444 U.S. 979 (1979).

The trustees have not met their burden of establishing that they are entitled to the benefit of the doctrine here. Although the trustees are correct that the bankruptcy judge determined that Aronovitz was required by the lease to pay the property's real estate taxes, they have failed to demonstrate that the issue was essential to the bankruptcy judgment. The trustees have provided no information concerning the bankruptcy proceeding apart from its disposition and the judge's decision relating to Aronovitz's claim. These materials are insufficient for us to conclude that the issue whether Aronovitz was obligated under the lease to pay the property's taxes was essential to Fafard's bankruptcy judgment. We do not know, for example, the size of the bankruptcy estate, Fafard's assets or debts, the existence or priority of other creditors, or any other information that would permit us to know or understand whether the real estate tax issue was essential or even important to the bankruptcy judgment. The only information available to us is limited to Aronovitz's claim. Even that limited context shows that the real estate taxes were only one issue among many. The bankruptcy judge addressed, in addition to the tax issue, a dispute surrounding the option period, the effect of the town's denial of a sign permit, and Aronovitz's late payment of his share of the cost of road construction.

Because we cannot say that the bankruptcy judge's ruling

---

[10]Bankruptcy court judgments that are not appealed are final, "even if erroneous." *Federal Deposit Ins. Corp.* v. *Shearson-American Express, Inc.*, 996 F.2d at 498. The trustees represent in their brief that Aronovitz did not appeal the rejection of his claim in the bankruptcy, and Aronovitz does not contend otherwise.

that Aronovitz was obligated under the lease to pay real estate taxes was "essential" to the bankruptcy judgment, it has no preclusive effect on this litigation. See, e.g., *O'Connell* v. *Federal Ins. Co.*, 484 F. Supp. 2d 223, 227 (D. Mass. 2007) (refusing to award preclusive effect due to failure to show with certainty what was determined by prior judgment).

b. *Res judicata.* The trustees also argue that the bankruptcy judge's denial of Aronovitz's claim bars the current suit under the doctrine of res judicata. Here again, we turn to Federal law to determine the preclusive effect of the bankruptcy proceeding. *Anderson* v. *Phoenix Inv. Counsel of Boston, Inc.*, 387 Mass. at 449. Under Federal law, res judicata bars a subsequent suit when there is "(1) a final judgment on the merits in an earlier suit,[11] (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Coors Brewing Co.* v. *Mendez-Torres*, 562 F.3d at 8, quoting from *Perez* v. *Volvo Car Corp.*, 247 F.3d 303, 311 (1st Cir. 2001). We are concerned here with the third requirement.

The trustees were not parties to Fafard's bankruptcy proceeding. In that proceeding, Aronovitz asserted his unsecured claim against Fafard's bankruptcy estate. Although it is true that nominal or superficial distinctions between parties will be disregarded in certain circumstances for claim preclusion purposes, see, e.g., *Gonzalez* v. *Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994),[12] the trustees have not presented any evidence showing they were the practical party-in-interest in the bankruptcy proceeding. Indeed — to the contrary — the trustees have argued there is "nothing in the record which shows that the [t]rustees expressly agreed to assume Fafard's liabilities under the [l]ease" and that they cannot "be found to have impliedly agreed to be bound by any of Fafard's agreements with Aronovitz." We agree and therefore conclude that the disposition of Aronovitz's claim in the bankruptcy proceeding does not bar his current claims.

---

[11]See note 10, *supra.*

[12]In *Gonzalez*, the court held that superficial distinctions will be disregarded for preclusion purposes when the nonparty "either participated vicariously in the original litigation by exercising control over a named party or had the opportunity to exert such control." *Gonzalez* v. *Banco Cent. Corp.*, 27 F.3d at 758.

c. *Waiver.* Both claim and issue preclusion are affirmative defenses. Mass.R.Civ.P. 8(c)(1), 365 Mass. 749 (1974). Affirmative defenses are waived when they are not raised in the first responsive pleading. *Sharon* v. *Newton*, 437 Mass. 99, 102 (2002) ("the omission of an affirmative defense from an answer generally constitutes a waiver of that defense"). Here, the trustees could not have raised the defense in their responsive pleadings because the bankruptcy judge did not rule on Aronovitz's claim until 1994, more than one year after the summary process action had been commenced. The failure to assert in an answer an affirmative defense the predicate for which has not yet occurred cannot constitute a waiver of the defense. See *Davignon* v. *Clemmey*, 322 F.3d 1, 15 (1st Cir. 2003) (defense not waived when "circumstances necessary to establish entitlement to the affirmative defense did not obtain at the time the answer was filed").

That said, the trustees waited five years after the bankruptcy decision before raising the defenses. Even though the trustees could not have raised the defense in their first responsive pleading, they were required, at the very least, to raise it in a timely fashion. This they failed to do, waiting instead to raise the issue for the first time only in a posttrial motion. The defense was accordingly waived. Cf. *Davignon* v *Clemmey*, *supra* (abuse of discretion for trial judge to allow "eleventh hour" res judicata defense asserted for first time in posttrial motion). See also *Depositors Trust Co.* v. *Slobusky*, 692 F.2d 205, 208-209 (1st Cir. 1982) (holding that when late-discovered defense could not have been pleaded in answer, it must be raised through amendment of pleadings and not on appeal).

2. *Preclusive effect of summary process decision.* The trial judge here gave preclusive effect to the ruling by another Superior Court judge in the summary process action that Aronovitz was not required to pay real estate taxes. We agree with the trustees that it was error to give preclusive effect to the earlier ruling.

Collateral estoppel bars relitigation only of issues that were "essential to the [prior] judgment." *Alba* v. *Raytheon Co.*, 441 Mass. 836, 841 (2004), quoting from *Martin* v. *Ring*, 401 Mass. 59, 61 (1987). Any issue that related solely to Aronovitz's impermissible counterclaim was, as a matter of law, not essential

to the judgment in the summary process action. Thus, issues such as whether Aronovitz was obligated to pay real estate taxes or whether he timely exercised the option to purchase could not be litigated in the summary process action and were not necessary to the judgment there. Aronovitz was not entitled to raise those issues by way of counterclaim in the summary process action, and hence, there can be no preclusive effect of any finding or ruling made in connection with them. Moreover, the finding that Aronovitz was required to pay taxes was in no way necessary to determine the legal question whether Aronovitz was entitled to assert his counterclaim in the summary process action. See *Fafard* v. *Lincoln Pharmacy of Milford, Inc.*, 439 Mass. at 514 ("[The trial judge] . . . dismissed [Aronovitz's] counterclaim in a written order with no discussion of the merits").

3. *Bankruptcy discharge.* The trustees also argue that any claim Aronovitz has against them was extinguished by Fafard's bankruptcy discharge. The trustees, however, were not parties to the bankruptcy proceeding and in any event have not presented a schedule or any other document that demonstrates which claims were or were not discharged by the bankruptcy court. In the absence of such information we cannot assume Aronovitz's claims against the trustees were extinguished.

4. *Damages and interest.* Finally, we address Aronovitz's contention that the trial judge erred in calculating prejudgment interest and determining the expenditures for which he is entitled to reasonable reliance damages.

We review an award of damages for abuse of discretion, meaning the award must stand unless the award was one that "no conscientious judge, acting intelligently" could have awarded. *Twin Fires Inv., LLC* v. *Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 424-425 (2005), quoting from *Bartley* v. *Phillips*, 317 Mass. 35, 43 (1944). Reliance damages are awarded only when the expenses would not have been incurred but for reliance on the contractual obligation not performed. See *Doering Equip. Co.* v. *John Deere Co.*, 61 Mass. App. Ct. 850, 856-857 (2004). The trial judge awarded Aronovitz reliance damages for installation of the sprinkler system, music and alarm system, lights, signage, air conditioning and refrigeration system,

and repairs to the access road, but denied reliance damages for other expenditures. His decision reflects a conscientious assessment of Aronovitz's damages, and we discern no abuse of discretion therein.[13]

There was also no error in calculating prejudgment interest. General Laws c. 231, § 6C, provides that prejudgment interest is awarded "from the date of the breach or demand," if established, but otherwise from the date of the commencement of the action. Establishing the date of the breach or demand is for the trier of fact. *Deerskin Trading Post, Inc.* v. *Spencer Press, Inc.*, 398 Mass. 118, 125 (1986). Because no date of breach or demand was established, prejudgment interest was properly calculated from the commencement of the action.[14] *Starr* v. *Fordham*, 420 Mass. 178, 194-195 (1995) (where judge made no finding concerning date of breach or demand, interest ran from date of complaint).

Because we conclude that neither the decision in the bankruptcy proceeding nor the decision by the trial judge in the summary process action is entitled to preclusive effect, the case must be remanded for trial on the limited issue whether the trustees (or Fafard) breached the lease by not honoring Aronovitz's attempted exercise of the option to purchase. If such breach is established, the judge's determination of damages and interest shall stand.

The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[13]This is further reflected in the thirty percent discount applied by the judge based on Aronovitz's use of the property.

[14]Although it is true, as Aronovitz points out, that the judge in the summary process action found a demand date, no date was established by the Superior Court judge in *this* case.