476        80 Mass. App. Ct. 476 (2011)

Kelly *v.* Jones.

DONALD S. KELLY *vs.* KEVIN JONES & another.[1]

No. 10-P-1162.

Suffolk. February 15, 2011. - September 26, 2011.

Present: RAPOZA, C.J., KAFKER, & FECTEAU, JJ.

*Landlord and Tenant,* Rent, Habitability, Quiet enjoyment.

In a summary process action, a Housing Court judge did not abuse her discretion in awarding damages on the tenants' counterclaim for breach of the implied warranty of habitability. [477-478]

In a summary process action, a Housing Court judge erred in finding in favor of the tenants on their counterclaim for breach of the covenant of quiet enjoyment, where the landlord's acts of discussing the tenants and their private business with other church members at the church where the tenants were employed, and attempting to sabotage the tenants' employment, did not occur near the leased premises and was unrelated to the physical condition thereof; further, the judge made no finding that the landlord's conduct impaired the character or value of the leased premises. [478-479]

SUMMARY PROCESS. Complaint filed in the City of Boston Division of the Housing Court Department on January 11, 2010.

The case was heard by *MaryLou Muirhead,* J., and a motion for a new trial was heard by her.

*Donald J. Bertrand* for the plaintiff.

*Jason McDowell,* pro se.

*Kevin Jones,* pro se.

RAPOZA, C.J. The landlord, Donald S. Kelly, brought a summary process action against the tenants, Kevin Jones and Jason McDowell, for nonpayment of rent. The tenants counterclaimed, alleging, among other things, breach of warranty of habitability and interference with quiet enjoyment. After a bench trial, the judge found for the landlord on his claim for four months of unpaid rent for a total of $4,800, and found for the tenants on

---

[1]Jason McDowell.

their counterclaims for breach of the implied warranty of habitability and, pursuant to G. L. c. 186, § 14, interference with their quiet enjoyment. On the counterclaims, the judge awarded damages of forty percent of the rent value to date totaling $4,528.54 for the breach of the warranty of habitability, and statutory damages of three months' rent totaling $3,600 for the § 14 violation. The landlord appeals. We reverse so much of the judgment as finds in favor of the tenants on their § 14 counterclaim and awards them $3,600, as it was neither supported by the judge's findings nor warranted on the evidence before her. In all other respects, we affirm.

*Background.* We summarize the judge's findings of fact. The landlord owns a two-family property in Roxbury, resides on the second floor, and leases the first floor. The tenants live on the first floor, paying a monthly rent of $1,200. For the months of November and December, 2009, and January and February, 2010, the tenants failed to pay rent. At a point in late October, 2009, the landlord determined that some conditions at the premises needed to be repaired, including a light over the kitchen sink, the smoke and carbon monoxide detectors, and a "lens" in the vestibule. The landlord notified the tenants, in writing, of the dates and times he would need access to the premises to complete the repairs. Although some repairs were completed, the landlord failed to fix a hole above the kitchen sink and to provide locks on the door to the premises. The relationship between the landlord and tenants became increasingly acrimonious during this time, and the judge found that the landlord engaged in conduct intended to jeopardize the tenants' employment.[2]

1. *Warranty of habitability.* The judge's conclusion that the landlord breached the warranty of habitability due to "the failure to provide locks and the failure . . . to completely repair the kitchen ceiling" is not clearly erroneous. See *Wesson* v. *Leone Enterprises, Inc.*, 437 Mass. 708, 712 (2002). "The judge has

---

[2]The tenants are employed as custodians at a church to which the landlord belongs. The tenants testified that "[the landlord] has been going throughout the congregation, speaking to other members regarding this incident . . . . Members have come and questioned [one tenant] about [his] private business, which has been told to them by [the landlord]." According to the tenants, the landlord would come into the church after they had finished cleaning and place trash on the floors to make it look like the tenants had failed to clean the church.

wide discretion in determining whether the conditions in any given rental unit amount to a material breach of the implied warranty of habitability." *Jablonski* v. *Clemons*, 60 Mass. App. Ct. 473, 475 (2004), citing *Boston Hous. Authy.* v. *Hemingway*, 363 Mass. 184, 200-201 & n.16 (1973). Although the parties gave conflicting testimony as to the condition of the locks on the door to the premises, we give deference to the trial judge's credibility determination. See *Jablonski* v. *Casey*, 64 Mass. App. Ct. 744, 747 (2005). In addition, the judge's conclusion that the hole in the ceiling and the failure to provide locks constituted a breach of the warranty of habitability is consistent with the relevant legal standards. See *Doe* v. *New Bedford Hous. Authy.*, 417 Mass. 273, 281 (1994) (minimum standards of warranty of habitability are measured by applicable State building and sanitary codes). See also 105 Code Mass. Regs. § 410.480 (2007) (owner shall provide, install, and maintain locks to secure against unlawful entry).

The judge determined that the breach of the warranty of habitability reduced the value of the premises by forty percent from the inception of the lease through the date of trial, for a total of $4,528.86. We see no abuse of discretion as this is not an award that " 'no conscientious judge, acting intelligently' could have awarded." *Aronovitz* v. *Fafard*, 78 Mass. App. Ct. 1, 9 (2010), quoting from *Twin Fires Inv., LLC* v. *Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 425 (2005).

2. *Covenant of quiet enjoyment.* The covenant of quiet enjoyment pertains to "acts or omissions that impair the character and value of the [leased premises]." *Doe* v. *New Bedford Hous. Authy.*, *supra* at 285. See *Rahman* v. *Federal Mgmt. Co.*, 23 Mass. App. Ct. 701, 705 (1987), quoting from *Winchester* v. *O'Brien*, 266 Mass. 33, 36 (1929) (violation of covenant of quiet enjoyment connotes acts by landlord that "substantially 'impair the character and value of the leased premises' "). Here, the judge found that the "[landlord's] acts of discussing the [tenants] and their private business with other church members and attempting to sabotage the [tenants'] employment constitutes an interference with [the tenants'] quiet enjoyment of the Premises" pursuant to G. L. c. 186, § 14.[3]

---

[3]The statute provides in pertinent part: "Any lessor or landlord of any

However distressing these actions by the landlord may have been to the tenants, such conduct did not amount to interference with their quiet enjoyment of the premises they were renting. According to the judge's findings and our own review of the hearing transcript, the landlord's conduct did not occur on or near the premises and was unrelated to their physical condition. Nor did the judge make a finding that the landlord's conduct impaired the character or value of the leased premises. Absent such findings or other evidence in the record, on these facts the judge erred in holding that the landlord interfered with the tenants' right to quiet enjoyment.[4]

So much of the judgment as finds in favor of the tenants on their counterclaim for interference with their right to quiet enjoyment and awards them $3,600 is reversed. The remainder of the judgment finding in favor of the landlord for unpaid rent and awarding him $4,800, finding in favor of the tenants on their counterclaim for breach of the warranty of habitability and awarding them possession and $4,528.84, and dismissing the tenants' remaining counterclaims is affirmed.

*So ordered.*

---

building or part thereof occupied for dwelling purposes . . . who directly or indirectly interferes with the quiet enjoyment of any residential premises by the occupant . . . shall . . . be liable for actual and consequential damages or three month's rent, whichever is greater, and the costs of the action, including a reasonable attorney's fee, all of which may be applied in setoff to or in recoupment against any claim for rent owed or owing." G. L. c. 186, § 14, as amended through St. 1973, c. 778, § 2.

[4]Although the landlord's conduct did not violate G. L. c. 186, § 14, we express no opinion as to the tenants' rights otherwise to seek legal recourse related to that conduct.