NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1173

SOEP PAINTING CORP.

vs.

GRAYCOR CONSTRUCTION COMPANY, INC., & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an amended separate and final judgment, entered pursuant to Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), awarding the plaintiff $299,538.46 on its breach of contract claim.  The judgment resulted from the allowance of the plaintiff's motion for partial summary judgment, which was based on its claim that the defendant had violated the Prompt Payment Act, G. L. c. 149, § 29E.  In essence, the defendant's argument on appeal is that, even assuming that it violated the provisions of the Prompt Payment Act, judgment should not have entered until its impossibility defense had been adjudicated.[2]

---

[1] Office Tower Owner LP, Pacific Theatres Exhibit Corp., Podium Developer LLC, and Podium Owner GP LLC, none of which are involved in this appeal.

[2] The defendant did not assert impossibility as an affirmative defense in its answer.  "Affirmative defenses are waived when they are not raised in the first responsive pleading."

To begin with, we note that the defendant failed to furnish an adequate record to support its arguments on appeal.  See Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019); G.B. v. C.A., 94 Mass. App. Ct. 389, 397 n.13 (2018).  Specifically, the defendant did not include in the appellate record the motion for partial summary judgment, the opposition thereto, the statement of undisputed facts, or the verified complaint.  Nonetheless, on our own initiative, we have obtained the relevant filings directly from the trial court, and therefore proceed to the merits of the appeal.

In Le Fort Enterprises, Inc. v. Lantern 18, LLC, 491 Mass. 144, 151-152 (2023) (Le Fort), the Supreme Judicial Court recently explained the doctrine of impossibility in the context of the COVID-19 pandemic.

"The modern impossibility doctrine provides:

'[W]here from the nature of the contract it appears that the parties must from the beginning have contemplated the continued existence of some particular specified thing as the foundation of what was to be done, then, in the absence of any warranty that the thing shall exist, the contract is to be construed not as a positive contract, but as subject

---

Aronovitz v. Fafard, 78 Mass. App. Ct. 1, 8 (2010).  That said, the defendant's thirteenth affirmative defense asserted frustration of purpose which is a "companion rule" to impossibility.  Chase Precast Corp. v. John J. Paonessa Co., 409 Mass. 371, 374 (1991), quoting Mishara Constr. Co. v. Transit-Mixed Concrete Corp., 365 Mass. 122, 129 (1974).  Accordingly, for the sake of argument in this appeal, we will treat the defense as having been timely raised.

2

to an implied condition that the parties shall be excused in case before breach performance becomes impossible from the accidental perishing of the thing without the fault of either party . . . . The misfortune which has occurred releases both parties from further performance of the contract and gives no right to either to claim damages from the other' (ellipses in original)."

Id., quoting Boston Plate & Window Glass Co. v. John Bowen Co., 335 Mass. 697, 700 (1957). The question here is whether the summary judgment record could sustain the defendant's burden to show that its performance was rendered impossible because of the COVID-19 pandemic. See Le Fort, supra at 154. The defendant failed to meet its burden because, as in Le Fort, the "absence of a causal link is fatal." Id. at 155. Specifically, the summary judgment record did not raise a triable issue of fact that the owner's financial difficulties made it impossible for the defendant, who was the general contractor, to perform its obligations under the contract to the plaintiff, who was the subcontractor.

"The fact that one is unable to perform a contract because of the inability to obtain money . . . will not ordinarily excuse nonperformance in the absence of a contract provision in that regard. . . . [S]imply positing two facts -- that the pandemic has occurred, and that a party finds it very difficult or even impossible to perform its contractual obligations -- is not enough." (Quotations and citations omitted.)

Id. at 156.

Because the defendant did not raise a triable issue of fact concerning impossibility of performance in this case, we need not decide whether -- as an abstract matter -- an impossibility defense must always be adjudicated before rendering judgment on a subcontractor's breach of contract claim based on violation of the Prompt Payment Act.  Where, as here, the record was insufficient to establish an impossibility defense, the judge was correct to conclude the court's decision in Tocci Bldg. Corp. v. IRIV Partners, LLC, 101 Mass. App. Ct. 133 (2022), controlled in all material respects.

The amended separate and final judgment entered pursuant to Mass. R. Civ. P. 54 (b) on August 1, 2022 is affirmed, and the case is remanded for further proceedings.[3]

So ordered.

By the Court (Wolohojian, Shin & Ditkoff, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  September 20, 2023.

---

[3] We deny the plaintiff's request, made under Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019), for attorney's fees and costs on appeal.  The legal issue presented on appeal was not frivolous.

[4] The panelists are listed in order of seniority.

4