NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1343

THERESA DIPIRO & another[1]

vs.

GROUND UP CONSTRUCTION, INC., & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After trial in the Superior Court, a jury found the plaintiff homeowners breached their home improvement contract with the defendants, Damian M. Anketell and Ground Up Construction, Inc. (collectively, "contractor"), and that the contractor made negligent representations to the plaintiff homeowners.  The jury determined that each party sustained damages in an equal amount, thereby cancelling out damages. Subsequently, the judge presided over a bench trial and found the contractor to be in violation of the home improvement contractor statute and unfair trade practices statute and

_____

[1] Timothy Smith.

[2] Damian M. Anketell.

awarded double damages and attorney's fees to the homeowners in connection thereto.  On appeal, the contractor challenges the award of attorney's fees to the pro se homeowners under the unfair trade practices statute, G. L. c. 93A.  The homeowners cross-appeal raising numerous other issues.  After review, we affirm.

Discussion.  1.  Award of attorney's fees to pro se litigants.  Under G. L. c. 93A, prevailing plaintiffs are entitled to be awarded their "reasonable attorney's fees and costs incurred in connection with said action."  G. L. c. 93A, § 9 (4).  The contractor's claim on appeal is that the homeowners did not incur any attorney's fees in connection with their c. 93A action, as they represented themselves pro se.

Although the homeowners were represented by counsel at the start of the litigation in April 2015, their counsel withdrew in January 2016.  During this time frame, the case did not involve any allegation of a c. 93A violation.  Later, in November 2017, the homeowners sent a pro se c. 93A demand letter to the contractor, followed up by a March 2018 pro se motion to amend the complaint to add a c. 93A count.  The homeowners further tried the c. 93A claim pro se.  After prevailing on their c. 93A claim, the homeowners submitted an application for attorney's fees, supported by an affidavit setting forth legal fees

2

incurred from April 2015 through January 2016, prior to the time that any c. 93A claim had been asserted.

The contractor argues that, because all the legal fees were incurred prior to the commencement of any c. 93A action, those fees could not have been incurred "in connection with said action." G. L. c. 93A, § 9 (4). However, the homeowners argue, as they did below, that their lawyers drafted the c. 93A letter and amended complaint, including the c. 93A count, before withdrawing from the case; the homeowners explain that they delayed pursuing the c. 93A claim because they did not want to be in violation of the automatic stay, occasioned by the contractor's bankruptcy. This was a plausible explanation that could have been accepted by the judge. Because this was essentially a factual matter, with support in the record, we do not disturb it.[3]

As the contractor has failed to establish the premise that the homeowners incurred no legal fees in connection with their c. 93A claim, we reject the argument that the judge erred in awarding them attorney's fees under. c. 93A.

2. Homeowners' claims. a. Issue preclusion. Prior to trial in this matter, the United States Bankruptcy Court

---

[3] We note that the homeowners' application for attorney's fees included a listing of legal invoices, the details of which may have shed further light on the precise nature of the legal work provided.

conducted a trial on an adversary proceeding involving the homeowners' claim that the contractor's debt to them should be excepted from discharge. After trial, the bankruptcy judge found that the homeowners had met their burden to show that the debt arose out of false representations made by the contractor and therefore allowed the homeowners to pursue their legal claims for damages against the contractor in State court. There was also an administrative hearing before the Massachusetts Office of Consumer Affairs and Business Regulation on the homeowners' complaint against the contractor alleging violation of the Home Improvement Contractor Act, G. L. c. 142A, including by making material misrepresentations in the procurement of the contract. That hearing resulted in a temporary suspension of the contractor's registration.

On appeal, the homeowners argue that the judge erred in ruling that the findings and rulings of the bankruptcy court and the administrative agency had no preclusive effect on the c. 93A claim. A party is precluded from litigating an issue if "(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication" and was essential to the earlier judgment. Tuper v. North Adams

4

Ambulance Serv., Inc., 428 Mass. 132, 134 (1998).  Whether issue preclusion applies is a question of law that we review de novo.  See Alicea v. Commonwealth, 466 Mass. 228, 234 (2013).

Assuming that the prior proceedings each involved a final adjudication on the merits and that the contractor was a party to those proceedings, the earlier proceedings cannot be said to have involved the identical issue as that in the c. 93A action.  To be sure, both prior proceedings involved the contractor's misrepresentations, also at issue in the c. 93A action.  In the bankruptcy proceeding, however, the finding of misrepresentation went to the issue of dischargeability of debt.  In the administrative proceeding, the finding of misrepresentation went to the issue of the contractor's home improvement contractor license status.  By contrast, in the c. 93A action, the finding of misrepresentation went to the issue of damages.  Thus, we do not view the issues to be identical.

In any event, the homeowners fail to articulate how the trial judge's ruling regarding issue preclusion prejudiced their c. 93A claim.[4]  Consistent with the bankruptcy court and the

---

[4] The homeowners identify seven issues on appeal, six of which challenge the judge's disposition of the c. 93A claim. The seventh issue claims error in jury instructions, however, the record on appeal does not include necessary documents, for example, the jury trial transcript and the parties' request for instructions.  Because the record is insufficient to allow for proper review of this claim, we do not address it.  See Roby v.

administrative agency, the trial judge found that the contractor had made misrepresentations to the homeowners, had violated c. 93A and c. 142A, and awarded the homeowners double damages and attorney's fees in accordance with c. 93A.

b. Assessment of c. 93A damages. The homeowners contend that the judge erred in finding that the contractor's c. 93A violation was "not severe," as opposed to fact finders in the prior proceedings who appeared to be less sympathetic to the contractor. To the extent that the homeowners contend that issue preclusion would have resulted in triple, rather than double damages, neither the bankruptcy court nor the administrative agency made findings assessing the damages sustained by the homeowners. Moreover, even if the trial judge had been bound by the earlier findings, it would not have necessarily resulted in triple damages under c. 93A, as evidenced by the bankruptcy court's finding that the contractor made material misrepresentations but were not responsible for willful and malicious injury to the homeowners.

---

Superintendent, Mass. Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018) (appealing party's burden to provide record appropriate for review and failure to do so is generally fatal to claim). Not listed as an issue on appeal, but argued at the end of their brief, the homeowners challenge certain factual findings made by the judge. The homeowners' failure to provide the court with an adequate record, including a transcript of the trial, is fatal to those claims of error. See id.

c.  Assessment of attorney's fees against homeowners.  The homeowners take issue with the judge's finding that the contractor prevailed on the breach of contract claim and so is entitled to attorney's fees pursuant to a contract provision.  However, this was not so much a finding on the c. 93A claim as it was a recitation of prior proceedings in the case.

To the extent the homeowners argue that the jury should have been precluded from deciding the contractor's breach of contract claim, the record is insufficient to allow us to make such a determination.  For example, the record does not disclose when and how issue preclusion was first raised with respect to the jury trial claims.  See Aronovitz v. Fafard, 78 Mass. App. Ct. 1, 8 (2010) (issue preclusion is affirmative defense which is waived if not raised in first responsive pleading).  To the extent that the homeowners argue that the judge erred in the amount of attorney's fees assessed because most of the fees dealt with proceedings not involving the contract dispute, this argument was raised and dealt with in post-trial proceedings. The motion judge determined that the trial judge had, in fact, taken into consideration that some fees were unrelated to the contract action and so reduced the fees approximately in half. On appeal, the homeowners make no claim regarding the propriety of this ruling.  We do not consider it.

d.  Failure to consider voidable transfer claim.  The homeowners argue that the judge "chose not to hear" their voidable transfer claim, but the judge stated in his findings that the voidable transfer count "was not tried to the jury or judge."  At the outset, we are unable to determine whether the homeowners were prevented from pursuing this claim or simply presented no competent evidence on the subject matter.  As the record is insufficient for our review of this claim, we do not consider it.

e.  Calculation of c. 93A damages award.  The homeowners contend that the judge erred in calculating the c. 93A award, because he used a $30,000 figure as the single damages amount to be doubled, when he should have used "$89,898.64M," since that was the total judgment awarded to the homeowners in the jury trial.

According to c. 93A, "the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence."  G. L. c. 93A, § 9 (3).  Here, the amount of actual damages found by the jury on all claims was $30,000.  The judgment itself reflects this amount as "single damages."  The $89,898.64 figure referenced by the homeowners includes prejudgment interest and attorney's fees.  These are not elements of actual damages but rather are "in addition to other

8

relief" provided by the statute.  See G. L. c. 93A, § 9 (4).
There was no error in the judge using the $30,000 figure as
actual damages to be multiplied.

    f.  Findings on Home Improvement Contractors Act violation.
The homeowners argue that the judge failed to make any findings
on the contractor's violation of the Home Improvement
Contractor's Act, G. L. c. 142A.  While not explicitly stated as
a violation of the Act, the judge did find that the contractor
falsely stated that there were several jobs in the pipeline when
attempting to get the homeowners' business and unlawfully
required payments far ahead of the work.  See G. L. c. 142A,
§ 17 (4) (making material misrepresentation in procurement of
contract listed as prohibited act); G. L. c. 142A, § 17 (16)
(demanding or receiving payment in violation of schedule set
forth in Act listed as prohibited act).  Thus, the judge did
make findings concerning the contractor's violation of the Act.
There was no error.

                                    Judgment affirmed.

                                    By the Court (Neyman, Singh &
                                      Toone, JJ.[5]),


                                    Clerk


Entered:  May 6, 2025.

_____

        [5] The panelists are listed in order of seniority.


                                9